HON. JUDGE RICARDO S. MARTINEZ

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | | |
|---|---|---|
| TWIN HARBORS WATERKEEPER, | ) | |
| | ) | No. 3:21-cv-05654 RSM |
| Plaintiff, | ) | |
| v. | ) | CONSENT DECREE |
| | ) | |
| LOCAL MANUFACTURING, INC., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## I. STIPULATIONS

Plaintiff Twin Harbors Waterkeeper ("Twin Harbors") sent a sixty-day notice of intent to sue letter to Defendant Local Manufacturing, Inc. ("Local Manufacturing") on or about June 4, 2021 and July 2, 2021, and filed a complaint on September 7, 2021, alleging violations of the Clean Water Act, 33 U.S.C. § 1251 *et seq.*, relating to discharges of stormwater from Local Manufacturing's facility in Aberdeen, Washington and seeking declaratory and injunctive relief, civil penalties, and attorneys' fees and costs.

Twin Harbors and Local Manufacturing agree that settlement of these matters is in the best interest of the parties and the public, and that entry of this Consent Decree is the most appropriate

CONSENT DECREE
No. 3:21-cv-05654
1

Smith & Lowney, pllc
2317 East John St.
Seattle, Washington 98112
(206) 860-2883

means of resolving this action.

Twin Harbors and Local Manufacturing stipulate to the entry of this Consent Decree without trial, adjudication, or admission of any issues of fact or law regarding Twin Harbors' claims or allegations set forth in its complaint and its sixty-day notices.

DATED this 26th day of January, 2022

| STOEL RIVES LLP | SMITH & LOWNEY, PLLC |
|---|---|
| By /s Beth Ginsberg<br>Beth S. Ginsberg, WSBA #18523<br>Veronica M. Keithley, WSBA #52784<br>*Attorneys for Defendant*<br>*Local Manufacturing, Inc.* | By s/Meredith Crafton<br>Richard A. Smith, WSBA #21788<br>Meredith Crafton, WSBA #46558<br>Savannah Rose, WSBA #57062<br>*Attorneys for Plaintiff*<br>*Twin Harbors Waterkeeper* |
| LOCAL MANUFACTURING, INC.<br><br>By _____<br>Bert Burkhart<br>Manager of Local Manufacturing, Inc. | TWIN HARBORS WATERKEEPER<br><br>By _____<br>Sue Joerger<br>Executive Director of Twin Harbors Waterkeeper |

## II. ORDER AND DECREE

THIS MATTER came before the Court upon the Parties' Joint Motion for Entry of Consent Decree and the foregoing Stipulations of the parties. Having considered the Stipulations and the promises set forth below, the Court hereby ORDERS, ADJUDGES, and DECREES as follows:

1. This Court has jurisdiction over the parties and subject matter of this action.

2. Each signatory for the parties certifies for that party that he or she is authorized to enter into the agreement set forth herein.

CONSENT DECREE
No. 3:21-cv-05654
2

SMITH & LOWNEY, PLLC
2317 EAST JOHN ST.
SEATTLE, WASHINGTON 98112
(206) 860-2883

3. This Consent Decree applies to and binds the parties and their successors and assigns.

4. This Consent Decree and any injunctive relief ordered within applies to the operation, oversight, or both by Local Manufacturing of its facility at or about 2421 Port Industrial Rd., Aberdeen, WA 98520 (the "Facility"), which is subject to National Pollutant Discharge Elimination System Permit No. WAR008725 (the "NPDES permit").

5. This Consent Decree is a full and complete settlement and release of all the claims in the complaint and the sixty-day notices and all other claims known or unknown existing as of the date of entry of the Consent Decree that could be asserted under the Clean Water Act, 33 U.S.C. §§ 1251-1387, arising from operation of the Facility. These claims are released and dismissed with prejudice. Enforcement of this Consent Decree is Twin Harbors' exclusive remedy for any violation of its terms. During the term of the Consent Decree, Plaintiff and its representatives will not support, by financial assistance, personnel time, or otherwise, other lawsuits or potential lawsuits by Twin Harbors' members or other groups or individuals that could be asserted under the Clean Water Act, 33 U.S.C. §§ 1251-1387, arising from operation of the Facility.

6. This Consent Decree is a settlement of disputed facts and law. It is not an admission or adjudication regarding any allegations by Twin Harbors in this case or of any fact or conclusion of law related to those allegations, nor evidence of any wrongdoing or misconduct on the part of Local Manufacturing.

7. Local Manufacturing agrees to the following terms and conditions in full and complete satisfaction of all the claims covered by this decree:

    a. Local Manufacturing will comply fully with all conditions of the NPDES

CONSENT DECREE
No. 3:21-cv-05654
3

Smith & Lowney, pllc
2317 East John St.
Seattle, Washington 98112
(206) 860-2883

permit and any successor, modified, or replacement permit authorizing discharges of stormwater associated with industrial activity from the Facility.

b. For a period of one (1) year after the entry of this Consent Decree, Local Manufacturing will, on a quarterly basis, electronically forward to Twin Harbors copies of all communications to and/or from Ecology related to its NPDES permit or stormwater discharges from the Facility.

c. Local Manufacturing will have Aspect Consulting collect one stormwater sample per quarter from each designated monitoring point, as required by Condition S4 of the Industrial Stormwater General Permit issued by the Washington Department of Ecology, effective January 1, 2020 ("ISGP"), if sufficient flow occurs, for one year after the entry of this Consent Decree. Samples required by this paragraph must be collected no less than five (5) days apart. Local Manufacturing will provide the sample results to Twin Harbors within fourteen (14) days after receiving the results.

d. Local Manufacturing will continue to implement and maintain the following BMPs for one year following entry of the Consent Decree:

    i. The regraded west log storage bays to eliminate most of the ditches between log decks, improved operating surface, and added perimeter berm to prevent sheet flow;

    ii. The installed settling sump, check dams, and spill control devices (downturned elbows) in the remaining ditch between west log storage bays;

CONSENT DECREE
No. 3:21-cv-05654
4

Smith & Lowney, pllc
2317 East John St.
Seattle, Washington 98112
(206) 860-2883

        iii.        The paved log truck entrance road on west portion of site and repaved area around trailer loader;

        iv.        The filled ditches in the trailer loader area as a component of repaving to reduce the potential for discharge at monitoring point 003;

        v.        The straw wattle between the log truck entrance road and the Port's perimeter ditch;

        vi.        The plugged discharge pipe near the wrapper rack and regraded area that drains to discharge point 002;

        vii.        The improved onsite ditch along log truck entrance road, including the plugged discharge pipe, installed settling sump, regraded drain to the northwest for greater settling, and the added elbow on the remaining discharge pipe to increase infiltration;

        viii.        The modified operations to minimize storage of bark and hog fuel on site;

        ix.        The installed sand berm and wattle along the southwest perimeter of the site from the wrapper rack south to control sheet flow discharge to the Port ditch;

        x.        Storing metal materials inside or under cover;

        xi.        Continuing to require vehicles transporting woodchips and hog fuel within the Facility to prevent materials from falling out of the vehicles; and

CONSENT DECREE
No. 3:21-cv-05654
5

Smith & Lowney, pllc
2317 East John St.
Seattle, Washington 98112
(206) 860-2883

xii. Update its Stormwater Pollution Prevention Plan, as needed, in accordance with its NPDES permit.

e. Local Manufacturing will add monitoring point 004 to its Discharge Monitoring Reports no later than March 31, 2022.

f. Local Manufacturing will continue to monitor stormwater discharges at monitoring points 001 and 003 in accordance with its NPDES permit for one year following entry of the Consent Decree.

8. Within ten (10) days of entry of this Consent Decree, Local Manufacturing will pay $16,000 (SIXTEEN THOUSAND DOLLARS) to The Confederated Tribes of the Chehalis Reservation for projects to address impairments to, and contribute to the improvement of, the water and/or sediment quality of the Chehalis River which flows into Grays Harbor, as described in Exhibit 1 to this Consent Decree. The check will be made to the order of Chehalis Tribe and delivered to:

Chehalis Tribe
Attn: Colleen Parrott DNR
PO Box 536
Oakville, WA 98568.

Payment will include the following reference in a cover letter or on the check: "Consent Decree, Twin Harbors Waterkeeper v. Local Manufacturing, Inc., W.D. Wash. No. 3:21-cv-05654." A copy of the check and cover letter, if any, will be sent simultaneously to Twin Harbors and its counsel.

9. Within ten (10) days of entry of this Consent Decree by the Court, Local Manufacturing will pay $16,000 (SIXTEEN THOUSAND DOLLARS) to cover Twin Harbors' litigation fees, expenses, and costs (including reasonable attorney and expert witness fees) by

CONSENT DECREE
No. 3:21-cv-05654
6

Smith & Lowney, pllc
2317 East John St.
Seattle, Washington 98112
(206) 860-2883

check payable and mailed to Smith & Lowney, PLLC, 2317 East John St., Seattle, WA 98112, attn: Richard Smith. Local Manufacturing's payment will be in full and complete satisfaction of any claims Twin Harbors has or may have, either legal or equitable, and of any kind or nature whatsoever, for fees, expenses, and costs incurred in the Litigation.

10. A force majeure event is any event outside the reasonable control of Local Manufacturing that causes a delay in performing tasks required by this Consent Decree that cannot be cured by due diligence. Delay in performance of a task required by this decree caused by a force majeure event is not a failure to comply with the terms of this Consent Decree, provided that Local Manufacturing timely notifies Twin Harbors of the event; the steps that Local Manufacturing will take to perform the task; the projected time that will be needed to complete the task; and the measures that have been taken or will be taken to prevent or minimize any impacts to stormwater quality resulting from delay in completing the task.

11. Local Manufacturing will notify Twin Harbors of the occurrence of a force majeure event as soon as reasonably possible but, in any case, no later than fifteen (15) days after Local Manufacturing becomes aware of the event. In such event, the time for performance of the task will be extended for a reasonable period of time following the force majeure event.

By way of example and not limitation, force majeure events include

    a. Acts of God, war, insurrection, or civil disturbance;

    b. Earthquakes, landslides, fire, floods;

    c. Actions or inactions of third parties over which defendant has no control;

    d. Unusually adverse weather conditions;

    e. Restraint by court order or order of public authority;

CONSENT DECREE
No. 3:21-cv-05654
7

Smith & Lowney, pllc
2317 East John St.
Seattle, Washington 98112
(206) 860-2883

      f.      Strikes;

      g.      Any permit or other approval sought by Local Manufacturing from a government authority to implement any of the actions required by this Consent Decree where such approval is not granted or is delayed, and where Local Manufacturing has timely and in good faith sought the permit or approval;

      h.      Litigation, arbitration, or mediation that causes delay; and

      i.      COVID-19 related delays, including supply chain issues.

12.    This Court retains jurisdiction over this matter while this Consent Decree remains in force.  And, while this Consent Decree remains in force, this case may be reopened without filing fee so that the parties may apply to the Court for any further order that may be necessary to enforce compliance with this Consent Decree or to resolve any dispute regarding the terms or conditions of this Consent Decree.  In the event of a dispute regarding implementation of, or compliance with, this Consent Decree, the parties must first attempt to resolve the dispute by meeting to discuss the dispute and any suggested measures for resolving the dispute.  Such a meeting should be held as soon as practical but must be held within thirty (30) days after notice of a request for such a meeting to the other party and its counsel of record.  If no resolution is reached at that meeting or within thirty (30) days of the Notice, either party may file a motion with this Court to resolve the dispute.  The provisions of section 505(d) of the Clean Water Act, 33 U.S.C. § 1365(d), regarding awards of costs of litigation (including reasonable attorney and expert witness fees) to any prevailing or substantially prevailing party, will apply to any proceedings seeking to enforce the terms and conditions of this Consent Decree.

CONSENT DECREE
No. 3:21-cv-05654
8

Smith & Lowney, pllc
2317 East John St.
Seattle, Washington 98112
(206) 860-2883

13. The parties recognize that, pursuant to 33 U.S.C. § 1365(c)(3), no consent judgment can be entered in a Clean Water Act suit in which the United States is not a party prior to forty-five (45) days following the receipt of a copy of the proposed consent judgment by the U.S. Attorney General and the Administrator of the U.S. EPA.  Therefore, upon the filing of this Consent Decree by the parties, Twin Harbors will serve copies of it upon the Administrator of the U.S. EPA and the Attorney General.

14. This Consent Decree will take effect upon entry by this Court.  It terminates one year after that date.

15. Both parties have participated in drafting this Consent Decree.

16. This Consent Decree constitutes the entire agreement between the parties. There are no other or further agreements, either written or verbal. This Consent Decree may be modified only upon a writing signed by both parties and the approval of the Court.

17. If for any reason the Court should decline to approve this Consent Decree in the form presented, this Consent Decree is voidable at the discretion of either party.  The parties agree to continue negotiations in good faith to cure any objection raised by the Court to entry of this Consent Decree.

18. Notifications required by this Consent Decree must be in writing.  The sending party may use any of the following methods of delivery: (1) personal delivery; (2) registered or certified mail, in each case return receipt requested and postage prepaid; (3) a nationally recognized overnight courier, with all fees prepaid; or (4) email.  For a notice or other communication regarding this Consent Decree to be valid, it must be delivered to the receiving party at the one or more addresses listed below or to any other address designated by the receiving party in a notice in

CONSENT DECREE
No. 3:21-cv-05654
9

Smith & Lowney, pllc
2317 East John St.
Seattle, Washington 98112
(206) 860-2883

accordance with this paragraph 18.

**If to Twin Harbors**:

Lee First
Sue Joerger
Twin Harbors Waterkeeper
P.O. Box 751
Cosmopolis, WA 98537
Email: suejoerger1@gmail.com, leefrider7@gmail.com

**And to**:

Richard A. Smith
Meredith Crafton
Savannah Rose
Smith & Lowney PLLC
2317 East John St.
Seattle, WA  98112
Email: richard@smithandlowney.com, meredith@smithandlowney.com, savannah@smithandlowney.com

**If to Local Manufacturing:**

Bert Burkhart
Local Manufacturing, Inc.
PO Box 1406
Aberdeen, WA 98520
Email: burkhart1992@outlook.com

**And to:**

Beth S. Ginsberg
Veronica M. Keithley
Stoel Rives LLP
600 University Street, Suite 3600
Seattle, WA 98101
Email: beth.ginsberg@stoel.com, veronica.keithley@stoel.com

A notice or other communication regarding this Consent Decree will be effective when received unless the notice or other communication is received after 5:00 p.m. on a business day, or

CONSENT DECREE
No. 3:21-cv-05654
10

Smith & Lowney, pllc
2317 East John St.
Seattle, Washington 98112
(206) 860-2883

on a day that is not a business day, then the notice will be deemed received at 9:00 a.m. on the next business day. A notice or other communication will be deemed to have been received: (a) if it is delivered in person or sent by registered or certified mail or by nationally recognized overnight courier, upon receipt as indicated by the date on the signed receipt; or (b) if the receiving party rejects or otherwise refuses to accept it, or if it cannot be delivered because of a change in address for which no notice was given, then upon that rejection, refusal, or inability to deliver; or (c) for notice provided by e-mail, upon receipt of a response by the party providing notice or other communication regarding this Consent Decree.

DATED this 24th day of March, 2022.

_____
RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE

Presented by:

STOEL RIVES LLP

By: *s/Beth Ginsberg*
Beth S. Ginsberg, WSBA #18523
Veronica M. Keithley, WSBA #52784
Attorneys for Defendant
Local Manufacturing, Inc.

SMITH & LOWNEY PLLC

By: *s/Meredith Crafton*
Richard A. Smith, WSBA #21788
Meredith Crafton, WSBA #46558
Savannah Rose, WSBA #57062
Attorneys for Plaintiff
Twin Harbors Waterkeeper

CONSENT DECREE
No. 3:21-cv-05654
11

Smith & Lowney, PLLC
2317 East John St.
Seattle, Washington 98112
(206) 860-2883

EXHIBIT 1



# CONFEDERATED TRIBES
# of the
# CHEHALIS RESERVATION
### Department of Natural Resources

Confederated Tribes of the Chehalis Reservation
Department of Natural Resources
26 Niederman Rd, Oakville, WA  98568

January 6, 2021

RE:  Twin Harbors Waterkeeper v. Local Manufacturing

To Whom It May Concern:

As stated in the Consent Decree between Twin Harbors Waterkeeper and Local Manufacturing, the Chehalis Tribe's Department of Natural Resources agrees to the following:

1. The Chehalis Tribe's Department of Natural Resources will be the receiver of funds from Local Manufacturing.
2. Chehalis Tribe's DNR will use these funds to help with the continuation of invasive species removal on the Chehalis River.
3. The Chehalis Tribe will not use these funds for lobbying.

The Chehalis Tribe has been managing invasive weeds on the Chehalis River for many years. This past season's focus was applying pesticides to Parrotfeather and Japanese Knotweed. Though the tribe did receive grant money to help with this ongoing project, it was not enough to accomplish the goal of making sure each infestation on the tribe's section of the Chehalis River got a pesticide application.  The tribe will use the settlement funds to make sure that during the next growing season, the tribe's section of the Chehalis River will get a complete pesticide application treatment on all of the parrotfeather and knotweed infestations.

It is very important to continually manage the Chehalis River from these two invasive species because of how easy they spread to other locations downstream during high flows.

> -Parrotfeather has a negative impact by taking over shallow waters and creating dense mats that can cover the entire water surface.  This can block passage and rearing grounds for the local salmon.

> -Japanese Knotweed's negative impacts include growing into dense thickets that outcompete native plant species.  Knotweed growth along the river creates bank-instability issues as well.

With these weeds gone, native flora will take over in the riparian zone creating positive impacts for salmon habitat, including cooler water temperatures, future supply of woody debris and beneficial sediments.